Aronette GILMER, et al., Plaintiffs,

v.

CITY OF CLEVELAND, et al., Defendants.

No. C83–3483.

United States District Court,
N.D. Ohio, E.D.

Sept. 19, 1985.

William M. Goldstein and William M. Crosby, Cleveland, Ohio, for plaintiffs.

Sheryl Y. King, William P. Farrell, Salvatore J. LoPresti, Cleveland, Ohio, for defendants.

## ORDER

BELL, District Judge.

On August 22, 1983, the above-entitled civil rights action was filed under 42 U.S.C. § 1983 on behalf of nine minors against the City of Cleveland, the Hiram House Camp and Gary Long, a counselor at the camp. The plaintiffs alleged that between July 18 through July 29, 1983 they attended a summer camp operated by Hiram House Camp. The funding for their attendance at camp was provided through a program sponsored by the City of Cleveland to assist children from low income families. While at the camp, the plaintiffs asserted, Gary Long required two of the children to kiss the bare bottom of another camper.

On February 2, 1984, this court granted a motion for summary judgment filed by Hiram House Camp and dismissed this action. It was determined that since the camp was privately owned and operated there was no state action. The order specifically stated:

The Hiram House Camp is a non-profit organization which runs several summer

camps in the Cleveland area. A sizable portion of its funding is obtained from public sources as demonstrated by its contract for services with the City of Cleveland. It was under the terms of this contract which enabled the plaintiffs to attend the summer camp. However, the mere fact that a non-profit organization obtains public funds for its operation is not sufficient to demonstrate that the organization was acting under color of law.

The Supreme Court has recently had the opportunity to define the requirement for state action sufficient to maintain § 1983 claim. In *Rendell-Baker v. Kohn*, 457 U.S. 830 [102 S.Ct. 2764, 73 L.Ed.2d 418] (1982), the court found that a private school's receipt of public funds alone does not make its acts state action. While describing the school's receipt of public funds the court stated:

Here the school's fiscal relationship with the State is not different from that of many contractors performing services for the government.

*Rendell-Baker v. Kohn, supra* at 843 [102 S.Ct. at 2772]. The court found the requirement of color of law cannot be satisfied by showing that an organization receives state funds. Instead, color of law depends upon some demonstration that the organization is performing a state purpose or is acting in an area traditionally reserved to the state.

In this action the camp's only relationship to the City of Cleveland is found pursuant to the contract between the parties. The undisputed facts demonstrate that this relationship is merely that of a contractor providing services for a governmental entity. Therefore, the relationship alone does not create the requisite state action necessary for a claim under 42 U.S.C. s1983. In addition, private groups have historically run summer camps throughout this country. The court finds that the running of a summer camp is not "traditionally the exclusive prerogative of the state." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 [95 S.Ct. 449, 454, 42

L.Ed.2d 477] (1974). Instead, summer camps have traditionally been run by a wide variety of private and public groups. Hence, there can be no claim that the summer camp performs a "public function" or that there is a "symbolic relationship" between the camp and the City of Cleveland. *Rendell-Baker v. Kohn, supra,* at 842 [102 S.Ct. at 2772]; *Jackson v. Metropolitan Edison Co., supra; Burton v. Wilmington Parking Authority,* 365 U.S. 715 [81 S.Ct. 856, 6 L.Ed.2d 45] (1961).

Presently before the court is a motion filed by Gary Long for an award of attorney fees against the plaintiffs and their counsel, William M. Goldstein and William M. Crosby. Mr. Long asserts that he should be entitled to fees as a prevailing party pursuant to 42 U.S.C. § 1988 and as a sanction against plaintiffs' counsel pursuant to 28 U.S.C. § 1927. The plaintiffs did not respond to this motion.

On August 2, 1984, a hearing was conducted by this court wherein Mr. Long submitted evidence of his costs for defending this suit. Counsel for plaintiff did attend the hearing and were permitted to argue in response to the motion. The first issue the court must consider is the responsibility, if any, of the plaintiffs for Mr. Long's fees and costs.

In *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court discussed the awarding of attorney fees to a "prevailing party" under Title VII. The Supreme Court found that a prevailing plaintiff should normally be awarded attorney fees under the act absent extraordinary circumstances. In reaching this conclusion, the Court examined the legislative history of Title VII and noted that a successful plaintiff is vindicating a policy that Congress has established by exposing unlawful employment discrimination. Thus, the Court concluded that Congress intended to provide plaintiff's counsel compensation for their private role in enforcing the civil rights statutes by requiring the defendant-

employer, which engages in discriminatory practices, to pay all of the costs including attorney fees of the action.

The *Christiansburg* Court further stated that it was the legislative intent to also provide some protections to a defendant from unwarranted actions brought against him. This protection for defendants was set forth as follows:

> The sparse legislative history of § 706(k) reveals little more than the barest outlines of a proper accommodation of the competing considerations we have discussed. The only specific reference to § 706(k) in the legislative debates indicates that the fee provision was included to "make it easier for a plaintiff of limited means to bring a meritorious suit." During the Senate floor discussions of the almost identical attorney's fee provision of Title II, however, several Senators explained that its allowance of awards to defendants would serve "to deter the bringing of lawsuits without foundation," "to discourage frivolous suits," and "to diminish the likelihood of unjustified suits being brought." If anything can be gleaned from these fragments of legislative history, it is that *while Congress wanted to clear the way for suits to be brought under the Act, it also wanted to protect defendants from burdensome litigation having no legal or factual basis.* (Emphasis added, footnotes omitted.)

*Id.* at 420, 98 S.Ct. at 699.

■ Having found that Congress intended to provide some protections to prevailing defendants, the *Christiansburg* Court developed a standard which must be met in order to award attorney fees to a prevailing defendant. The Court stated,

> In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case *upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.*
>
> In applying these criteria, it is important that a district court resist the under-

standable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the curse of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit. (Emphasis added.)

*Id.* at 421–422, 98 S.Ct. at 700. Therefore, this court must determine whether the plaintiff's claim was "frivolous, unreasonable, or without foundation" at the outset of this litigation or "that the plaintiff continued to litigate after it clearly became so." *Id.* Further, if the court should find that this action was either brought or continued in bad faith by the plaintiff or her counsel, "there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Id.*

The Sixth Circuit Court of Appeals has recently discussed the *Christiansburg* standard for awarding attorney fees to a prevailing defendant in civil rights actions. In *Tarter v. Raybuck,* 742 F.2d 977 (6th Cir.1984), the court reversed the district court's award of attorney's fees to a defendant since the underlying claim was not wholly meritless or without foundation. In *Tarter,* the issue before the district court involved a student's fourth amendment rights in the context of a physical search of the student by a school official. Although the district court found that the student had consented to the search, the consent issue "was reasonably in dispute given the context of the purported waiver of important constitutional rights. The exact na-

ture and extent of a student's fourth amendment rights are not well settled." *Id.* at 988. Thus, the circuit court held that a fee award would not be justified when a factual dispute exists and the plaintiff is asserting a cause of action predicated upon the violation of constitutional rights which are not well defined under the law.

The *Christiansburg* standards have also recently been applied by the Sixth Circuit to a fair housing action. In *Smith v. Smythe-Cramer Co.*, 754 F.2d 180 (6th Cir. 1985), the court stated:

> Application of these standards requires inquiry into the plaintiffs' basis for bringing suit. Awards to prevailing defendants will depend on the factual circumstances of each case. While a showing of bad faith is not required for an award of attorneys fees to a prevailing defendant, such a showing would justify an award of fees. Additionally, courts have awarded attorneys fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate. As the Supreme Court emphasized in *Hughes*, however, the mere fact that allegations prove legally insufficient to require a trial does not, for that reson alone, render a complaint groundless under *Christiansburg*, 449 U.S. at 16, 101 S.Ct. at 179.

*Id.* at 183. The court further noted that awards of attorney fees have been properly granted to defendants when a plaintiff misuses the civil rights laws to collaterally challenge state judgments, *Tonti v. Petropoulous*, 656 F.2d 212, 215–16 (6th Cir. 1981), or when a plaintiff brings a claim that is clearly barred by unambiguous case law, *Werch v. City of Berlin*, 673 F.2d 192, 196 (7th Cir.1982).

■ In this action the court does not find that an award of attorney fees against the plaintiffs would be consistent with the standards set forth in *Christiansburg*.

The plaintiffs in this actions are minor and as such the court finds are not capable of knowing when an action under 42 U.S.C. § 1983 would be frivolous, unreasonable or without foundation. Therefore, the court shall not award any fees or costs against the plaintiffs.

The next issue before the court involves the actions of plaintiffs' counsel, Mr. Goldstein and Mr. Crosby.

Rule 11 of the Federal Rules of Civil Procedure requires that every pleading, motion or other paper that is submitted to the court be signed by an attorney. In addition, the rule provides as follows:

> The signature of an attorney ... constitutes a certification by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after *reasonable inquiry* it is *well grounded in fact* and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and *that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.* (Emphasis added.)

Further, the rule states that any attorney who violates the provisions of this rule shall be subject to an appropriate sanction, "which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."

■ A motion for sanctions under Rule 11 should not be lightly made by a party or granted by a court. This court is very much aware of the serious effect the granting of a sanction may have upon a lawyer's professional record and reputation in the community. In determining the appropriateness of imposing any sanctions under Rule 11 against Mr. Goldstein and Mr. Crosby in this action, the court has reviewed with approval the Advisory Committee Notes to the rule which state in pertinent part:

The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted. Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

■ Both Mr. Goldstein and Mr. Crosby signed the complaint in this action which alleged that the state action requirement for a section 1983 claim was satisfied because the private camp received some public fund from the City of Cleveland. This assertion was directly in conflict with the law as set forth by the Supreme Court in *Rendell-Baker v. Kohn, supra,* and counsel should have known this by making a reasonable inquiry into the law. Thus, counsel brought an action that was clearly barred by unambiguous case law.

The time factors which are set forth in the Advisory Committee Notes to Rule 11 can not be asserted by plaintiffs' counsel. This complaint was filed approximately three weeks after the alleged incident at the camp involving Mr. Long. Therefore, counsel was not under any pressures caused by a possible period of limitations, nor was counsel under any approaching time deadline that would have prevented some examination or investigation of the relevant case law.

After the court dismissed this action, plaintiffs' counsel filed a motion to reconsider the granting of the defendant's motion. (It should be noted that no opposing memorandum or briefs were submitted in opposition to the defendant's motion for summary judgment.) In the motion for reconsideration counsel did not argue that the court's decision was erroneous in either fact or law. Instead, counsel asserted that any settlement possibilities had ended with the court's granting summary judgment.

Under these facts and circumstances the court finds that sanctions should be imposed against both counsel for the plaintiffs under Rule 11. Mr. Long has argued that all of his fees incurred in the defense of this action should be imposed against counsel, and he has submitted the records and documents to support his request of $5,990.93.

■ In determining the amount of the sanctions to be imposed under Rule 11, the court may consider all of the circumstances involved in this action. *Heuttig & Schromm v. Landscape Contractors Council,* 582 F.Supp. 1519, 1522 (N.D.Cal. 1984). The facts of this case reveal that counsel for the plaintiffs could have, in good faith, filed an action under state law. They filed instead an action under section 1983 wherein the alleged state action requirement of such a claim was directly in conflict with a recent decision of the Supreme Court. It is not the desire of this court on the purpose of Rule 11 to diminish the zeal or enthusiasm of counsel's representation of their clients. It is the purpose of Rule 11 to require counsel to research the law and the facts prior to filing an action in the federal courts. Therefore, the court awards Mr. Long $1,000.00 of his fees against Mr. Goldstein and $1,000.00 of his fees against Mr. Crosby. This award is a sanction under Rule 11 for their failure to make a reasonable inquiry into the law prior to filing an unwarranted action under federal law.

Accordingly, the motion of defendant Long is hereby granted in part as it relates to Mr. Goldstein and Mr. Crosby, and the motion is denied as it relates to the nine individual plaintiffs.

IT IS SO ORDERED.