**CANTON POLICE BENEVOLENT ASSOCIATION OF CANTON, OHIO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C86–1255–A.**

United States District Court, N.D. Ohio, E.D.

Feb. 3, 1987.

Paul A. Tscholl, Canton, Ohio, for plaintiff.

John M. Siegel, Asst. U.S. Atty., Susan M. Poswistilo, Trial Atty., Tax Div., Washington, D.C., for defendant.

## ORDER

BELL, District Judge.

On April 4, 1986, the Canton Police Benevolent Association of Canton, Ohio, filed this action against the Government in an effort to obtain a tax refund of $3,367.02 for the tax years 1981, 1982, 1983 and 1984. In this complaint, the plaintiff asserts that the Internal Revenue Service improperly revoked its tax exempt status as a voluntary employees' beneficiary association. This court's jurisdiction is invoked pursuant to 28 U.S.C. § 1340.

Presently before the court is a motion filed by the plaintiff to strike various paragraphs in the answer filed by the Government. The plaintiff also seeks attorney fees under Rule 11 of the Federal Rules of Civil Procedure against the Government's counsel for an alleged failure to inquire into the underlying facts of this action prior to the filing of the answer. Having reviewed this motion, the court finds that it must be denied.

■ The Government's answer in this case denies for want of knowledge several aspects of the plaintiff's complaint. This response was made by the Government prior to counsel receiving all of the records from the Internal Revenue Service regarding the taxpayer. Under such circumstances the court does not find the Government's answer to be subject to a motion to strike.

■ With respect to the request for attorney fees under Rule 11 of the Rules of Civil Procedure, the court is aware of the serious effect the granting of sanctions may have upon an attorney's professional record and reputation. Thus, a request for such sanctions *should not be lightly made by a party.* See *VanDorn Co. Cent. States Can Co. Div. v. Howington,* 623 F.Supp. 1548, 1559 (N.D. Ohio 1985); *Gilmer v. City of Cleveland,* 617 F.Supp. 985 (N.D. Ohio 1985).

■ In this action, the plaintiff asserts that the Government's counsel is charged under Rule 11 with all knowledge of the facts possessed by the Internal Revenue Service at the time of her filing the answer. *See* Page 2 of Plaintiff's Answer to Defendants Response filed November 24, 1986. Thus, following the plaintiff's view, the Government's counsel could never deny an allegation in its answer for want of knowledge unless and until all of the Government's resources were first reviewed by counsel. The court finds that such a burden upon the Government could never be imposed at the time of answering

a complaint, nor does the reasonable inquiry requirement of Rule 11 mandate such a review by counsel. Therefore, the plaintiff's motion for sanctions is without merit and is denied.

At this time the court also has before it cross-motions for summary judgment filed by all of the parties. Attached to these motions are various affidavits and exhibits which do not present any material factual inconsistencies. Thus, the facts as set forth by the parties are as follows.

In July, 1962, the Canton Police Benevolent Association was organized by employees of the Canton Police Department. The stated objectives of this organization are to promote and develop a friendly and fraternal spirit among the police officers; to extend moral and material aid at retirement or death and to establish and maintain a death benefit funds. On February 24, 1964, the Canton Police Benevolent Association filed an application with the Internal Revenue Service for tax exemption status as a social welfare organization. This application was approved by the Internal Revenue Service on April 15, 1964.

On April 3, 1984, the Internal Revenue Service notified the plaintiff that its tax exempt status was revoked and that it would be required to file tax returns and to pay income taxes. This revocation was based upon changes in the tax law which became effective in 1981. This change now provided tax exempt status to organizations defined as voluntary employees' beneficiary associations. Since that time the plaintiff has been required to remit to the Internal Revenue Service $3,367.12 in tax payments for tax years 1981–1984. All of its requests for refunds of these amounts have been denied by the Internal Revenue Service.

The Canton Police Benevolent Association provides its members with a retirement dividend upon separation from employment with the Canton Police Department. This benefit is provided to only those members of the organization who have twenty years of service with the Department. In 1981, the plaintiff paid $28,056 to its members in such retirement benefits, and in 1982, the Association paid $21,000 for these benefits. These expenditures accounted for 81.8% of the total disbursements made by the plaintiff during 1981–1982.

The plaintiff claims that it is entitled to be exempt from taxation as a voluntary employees' beneficiary association (VEBA). Specifically, 26 U.S.C. § 501(c)(9) defines such an exempt organization as follows:

(9) *Voluntary employees' beneficiary associations providing for the payment of life, sick, accident, or other benefits* to the members of such association or their dependents or designated beneficiaries, if no part of the net earnings of such association inures (other than through such payments) to the benefit of any private shareholder or individual.

Any organization which satisfies the criteria established by this definition is entitled to exemption from federal income taxation.

The critical inquiry in determining if the plaintiff qualifies as a VEBA is whether its primary expenditures are for payment of "life, sick, accident, or other benefits" to its members or their dependents and beneficiaries. In order for the plaintiff to meet this test, the court must determine if the expenditures made by the Association for retirement benefits constitutes an allowable benefit under 26 U.S.C. § 501(c)(9).

The plaintiff does not claim that a retirement benefit would qualify as a life, sick or accident benefit as set forth in § 501(c)(9). Instead, the plaintiff argues that a pension benefit would be an "other benefit" within the meaning of the statute. This interpretation of the statute is, however, directly in conflict with Section 1.501(c)(9)–3(d), Income Tax Regs, as promulgated by the Treasury Department. The Treasury Regulation defines the term other benefits to "include only benefits that are similar to life, sick or accident benefits."

Upon consideration this court finds that sec. 1.501(c)(9)–3(d) is a reasonable interpretation of the statutory scheme. The rule of statutory construction known as *ejusdem generis* provides that when general words follow a designation of particular subjects in a statute, the meaning of the general words shall ordinarily be construed as being restricted by the designat-

ed subjects and shall include only things of the same kind, class, or nature as those specifically mentioned in the statute. By applying this rule of construction, the meaning of the term "other benefits" must be restricted to the type of benefits as those named in the statute which are life, sick or accident benefits. Therefore, the court finds that retirement benefits were not intended by Congress to have been included in the statutory exemption created in 26 U.S.C. § 501(c)(9). Certainly Congress would have expressly listed such benefits if the legislature had intended to include the payment of retirement benefits as a permissible activity of a voluntary employees beneficiary association.

In addition to the application of the rules of statutory construction, this court is persuaded by the reasoning of the United States Tax Court in *Bricklayers Benefit Plans v. Commissioner,* 81 T.C. 735 (1983). In *Bricklayers,* the tax court also found that an organization which provided pension benefits would not be tax exempt as a voluntary employees' benefit association. The tax court stated in this regard as follows:

> Pension benefits become payable by reason of the passage of time, not as the result of an unanticipated event. Their receipt after retirement is an expected occurrence, and they are not intended to safeguard or protect against interruptions in an employee's ability to earn a living. On this basis, we conclude that the regulations reasonably exclude associations providing for the payment of pension benefits from qualifying for tax-exempt status under section 501(c)(9).
>
> This conclusion is certainly consistent with the fact that Congress has specifically provided tax-exempt status for qualified pension trust funds under section 401(a). Although three of petitioner's member funds were qualified pension trust funds under section 401(a), petitioner is an association of pension and welfare funds, not a qualified pension fund. We doubt Congress intended that such an association providing pension benefits which could not achieve tax-exempt status under section 401(a) could nevertheless qualify for tax-exempt status under the far less stringent requirements of section 501(c)(9). To hold otherwise would effectively undermine congressional efforts in this area to ensure that pension plans do not discriminate against any group of employees. See *Engineered Timber Sales Inc. v. Commissioner,* 74 T.C. 808, 823 (1980).

*Id.* at 739–40.

The taxpayer in this action's primary function has been determined by the Internal Revenue Service to be a provider of pension or retirement benefits to certain of its members. This determination would not permit the Canton Police Benevolent Association to operate as a tax exempt voluntary employees beneficiary association. Such a determination by the Internal Revenue Service is proper and within the meaning of the statute. Thus, the court finds that the revocation of tax exempt status by the Internal Revenue Service was proper.

Accordingly, the Government's motion for summary judgment is hereby granted and this action is dismissed.

IT IS SO ORDERED.