**Joseph RAE, et al., Plaintiffs-Appellants,**

v.

**UNION BANK, a banking corporation, et al., Defendants-Appellees.**

No. 83–2189.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 1984.

Decided Feb. 6, 1984.

Terry W. Aron, Tucson, Ariz., for plaintiffs-appellants.

Richard Calvin Cooledge, Brown & Bain, Phoenix, Ariz., for defendants-appellees.

Before GOODWIN, PREGERSON, and NELSON, Circuit Judges.

PREGERSON, Circuit Judge:

After a series of loans, extensions, and modifications, Union Bank foreclosed on certain property of the appellants, Joseph Rae, et al., (Rae). Rae brought suit in federal court against Union Bank and certain of its employees, alleging various contract and tort theories. The court dismissed the complaint for lack of diversity jurisdiction. Rae amended to add federal question claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Bank Holding Company Act. The district court found that the federal claims were wholly insubstantial and frivolous and dismissed them without leave to amend. The court also dismissed the remaining pendent state claims. We affirm.

A ruling on a motion to dismiss for failure to state a claim upon which relief can be granted is a ruling on a question of law, freely reviewable by the court of appeals. *Alonzo v. ACF Property Management, Inc.*, 643 F.2d 578, 579 (9th Cir. 1981). A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v.*

*Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

## I. *The Anti-Tying Claim*

■ A plaintiff must plead and prove three things to recover under the anti-tying provision of the *Bank Holding Company Act,* 12 U.S.C. § 1972(1). First, the plaintiff must show that the banking practice in question was unusual in the banking industry. Second, the plaintiff must show an anti-competitive tying arrangement. Third, the plaintiff must demonstrate that the practice benefits the bank. *Parsons Steel, Inc. v. First Alabama Bank of Montgomery,* 679 F.2d 242, 246 (11th Cir.1982).

■ Here, the anti-tying claim of Rae's complaint alleges only that "Defendants' actions as recited above constituted a tying arrangement prohibited by 12 U.S.C. Section 1972(1)(A) and (C)." Various references to loan conditions and extensions of credit accompanied by provisions designed to protect the bank's security are all that is "recited above." That simply is not enough to state a claim. There is no factual allegation in the complaint that the bank tied a loan to any other product, service, or benefit. Moreover, there is no factual allegation that the bank would benefit in any other way than by getting additional protection for its loans. There is not even an allegation that the banking practice was unusual. Finally, no tying claim can be stated against the individual defendants. Section 1972 does not cover natural persons. *See Nesglo, Inc. v. Chase Manhattan Bank, N.A.,* 506 F.Supp. 254, 265 (D.P.R.1980).

■ Given the very basic lack of an anti-competitive tie, the district court found that the allegation of additional facts consistent with the complaint could not possibly cure the deficiency. Rae had been given leave to amend one time already. Thus, the district court properly dismissed the anti-tying claim without leave to amend. *See Bonanno v. Thomas,* 309 F.2d 320, 322 (9th Cir. 1962) (leave to amend should be granted unless allegations of other facts consistent with the challenged pleading cannot possibly cure the deficiency).

## II. *The RICO Claim*

■ The RICO claim in the first amended complaint alleges only

> The scheme to defraud, false claims through fraud and activities by defendants as alleged in the facts of this Complaint, were in violation of the Federal Anti-racketeering Statute, 18 U.S.C. 1962.
>
> . . . .
>
> Pursuant to 18 U.S.C. 1964, plaintiffs are entitled to recovery of treble damages, costs of suit and reasonable attorney's fees.

All other allegations of the complaint are incorporated by reference. The portion of the RICO statute applicable here is 18 U.S.C. § 1962(c) which provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.[1]

Rae's complaint does not allege that any defendants were associated with or employed by an enterprise,[2] nor does it identi-

---

1. The first amended complaint does not allege either (1) the investment of income from a racketeering activity in an enterprise engaged in or affecting interstate commerce, 18 U.S.C. § 1962(a), or (2) the acquisition or maintenance of an interest in such enterprise through racketeering activities, 18 U.S.C. § 1962(b). Therefore, subsection (c) of § 1962 appears to be the relevant one.

2. According to 18 U.S.C. § 1961(4), " 'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

fy the requisite RICO enterprise. Rae apparently is now arguing that Union Bank was the enterprise with whom the individual appellees interacted. *See* Appellant's Brief at 25–26. If Union Bank is the enterprise, it cannot also be the RICO defendant. *See United States v. Computer Sciences Corporation,* 689 F.2d 1181, 1182, 1190 (4th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983) ("We conclude that 'enterprise' was meant to refer to a being different from, not the same as or part of, the person whose behavior the act was designed to prohibit . . . ."). Thus, Rae can state no RICO cause of action against Union Bank itself.

Nor does the first amended complaint allege collection of an unlawful debt or a pattern of racketeering activity. Not one word is said about collection of an unlawful debt anywhere in the complaint or the exhibits attached thereto. A pattern of racketeering activity requires at least two predicate offenses within ten years. 18 U.S.C. § 1961(5). No predicate offenses are identified in the complaint or exhibits. Appellant's brief states that "individual Appellees conducted or participated in Union Bank's affairs vis-a-vis the Appellants in a manner which involved fraud in the sale of securities arising from the original SEC action against Appellant Rae." Appellant's Brief at 26. An SEC action *against appellant Rae* can hardly be a predicate offense chargeable to appellees.

Rae has been given several opportunities to specify predicate offenses and has failed. The district court was correct in dismissing his complaint without leave to amend. The district court was obviously also correct in dismissing the pendent state claims. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

### III. *The District Court's Decision to Stay Discovery*

The trial court's decision to allow or deny discovery is reviewable only for abuse of discretion. *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 n. 1 (9th Cir.1977).

Rae cites authorities holding that discovery relevant to issues raised by a Rule 12(b) motion should be allowed. The authorities are not applicable. As the district court correctly observed, discovery is appropriate where there are factual issues raised by the motion. Here, there were no factual issues. The district court took all the facts alleged in the complaint as true and decided that the facts as alleged did not add up to either an anti-tying claim or a civil RICO claim. Rae has failed to point to any specific information obtainable through discovery that would have enabled appellants to state a federal cause of action. Thus, the district court did not abuse its discretion in staying Rae's discovery pending resolution of the Rule 12(b) motion.

AFFIRMED.