In re U.S. GRANT HOTEL ASSOCI-
ATES, LTD. SECURITIES
LITIGATION.

This document relates to: Lubin v.
Sybedon, No. 87–1844–E(IEG).

No. MDL 783.
No. 87–1844 E (IEG).

United States District Court,
S.D. California.

Feb. 1, 1990.

Michael J. Aguirre, Patricia A. Meyer, Aguirre & Meyer, James C. Krause, Reniche & Krause, Terry Knoepp, Worley, Schwartz, Garfield & Rice, Joseph Ruff, Harrigan, Ruff, Ryder & Sbardellati, San Diego, Cal., for the Class.

John H. L'Estrange, Jr., William R. Nevitt, Jr., Wright & L'Estrange, San Diego, Cal., Stuart L. Kadison, Michael C. Kelley, Lori H. Dillman, Sidley & Austin, Los Angeles, Cal., for defendant Sybedon Corp., Edwin J. Glickman, Bertram Lewis, and Mitchell Davis.

Alan E. Greenberg, Patricia E. Mundy, Lewis, D'Amato, Brisbois & Bisgaard, San Diego, Cal., Robert J. Perry, Perry & Windels, New York City, for defendant Nat. Union Fire Ins. Co. of Pittsburgh, Pa.

Michael J. Weaver, Victor A. Vilaplana, Sheppard, Mullin, Richter & Hampton, San Diego, Cal., for defendant Home Federal Sav. & Loan Ass'n.

Donald M. Wessling, Eugene P. Hanson, O'Melveny & Myers, Los Angeles, Cal., for defendant Prudential–Bache Securities and Prudential–Bache Properties.

Donald McGrath, II, John D. Hershberger, Baker & McKenzie, San Diego, Cal., for defendant CDS–Grant Associates, CDS Grant Corp., CDS Grant Management Co., Inc., CDS Lodging Properties, Inc., and Christopher D. Sickels:

Peter H. Benzian, Mark W. Smith, Latham & Watkins, San Diego, Cal., for defendant Laventhol & Horwath.

Charles S. Haughey, Jr., Kinkle, Rodiger & Spriggs, San Diego, Cal., for Wilrock Appraisal & Consulting, Inc.

## MEMORANDUM DECISION

ENRIGHT, District Judge.

### INTRODUCTION

This is a proposed class action for damages, injunctive relief, rescission, attorneys' fees and other relief brought by investor Robert Lubin and various other intervenors and proposed class representatives against a wide array of defendants who were involved in the restoration of the U.S. Grant Hotel ("Hotel") in San Diego. Plaintiffs allege generally that through material omissions defendants fraudulently overstated the prospects for the Hotel's economic success and at the same time failed to disclose the severe financial straits into which the restoration project was falling.

For a more complete description of the facts of this case, see this court's June 1988 Memorandum Decision. *Lubin v. Sybedon*, 688 F.Supp. 1425 (S.D.Cal.1988) (hereinafter "June Order"). In its June Order, this court dismissed certain causes of action against specific defendants and deferred a determination on class certification for a fuller hearing on the issue of adequacy of representation. Lubin, the original proposed class representative, was given leave to amend his first amended complaint.

Plaintiffs have brought forth a second amended complaint in which they reassert all previous claims that were upheld or merely dismissed without prejudice. Plaintiffs have also resubmitted a motion for class certification and presented numerous potential class representatives. Finally, plaintiffs have added two new claims for relief: a claim under section 29 of the 1934 Securities and Exchange Act and a RICO claim.

At a hearing held September 26, 1988, various defendants moved to disqualify lead counsel, to dismiss parts of this action, to grant partial summary judgment, and to grant sanctions. Finally, defendants also opposed certification of the class.

Due to the progress of settlement negotiations between various defendants and the representatives of the proposed class, this court, on November 10, 1988, entered an Order deferring resolution of the motions pending from the September 26th hearing. The November Order provided that the court would "defer the resolution of the issues currently pending until it receives notice from the magistrates presiding over the instant pretrial proceedings that the various matters have been resolved and other aspects of the pretrial proceedings have been completed."

The court has received notice from the magistrates presiding over the instant pretrial proceedings that resolution of the pending motions is now appropriate. In the intervening period between the September hearing and the notice from the magistrates, settlement agreements were approved by this court which released six defendants from this action. Accordingly, three of the pending motions are now moot: first, the motion to disqualify lead counsel which was brought by three of the settling defendants as a group; second, the motion

to dismiss claims brought under § 12(2) of the 1933 Securities Act which was brought by one of the former defendants; and third, the motion to dismiss claims brought under § 10(b) of the 1934 Securities and Exchange Act which was brought by two of the former defendants.

The defendants remaining in this case are the following individuals and entities:

1. Sybedon Corporation ("Sybedon")—general partner of U.S. Grant Hotel Associates, Ltd. ("Grant Associates"); co-issuer of limited partnership interests purchased by investors such as Lubin;

2. Edwin Glickman—Executive vice-president and director of Sybedon;

3. Bertram Lewis—Chairman and director of Sybedon;

4. Mitchell Davis—senior vice-president and director of Sybedon (Note: defendants 1–4 are referred to as "Sybedon Defendants");

5. Prudential–Bache Securities—the underwriter-broker; also marketed the securities;

6. Prudential–Bache Properties (together with #5 referred to as "Prudential–Bache")—the property manager; purportedly the sole "Class B" limited partner of Grant Associates (although plaintiffs allege it to be a general partner);

7. Pannell, Kerr & Forster ("Pannell")—the accountants who prepared projections for the Hotel;

8. Wilrock Appraisal & Consulting, Inc. ("Wilrock")—the appraiser of the Hotel;

9. National Union Fire Insurance ("National Union")—the corporate surety who insured promissory notes of limited partners.

The original complaint in this action was filed on December 23, 1987. An amended complaint was then filed on January 4, 1988. Plaintiffs filed the Second Amended Complaint on August 8, 1988. The Second Amended Complaint sets forth the following causes of action against the remaining defendants:

A. Violations of sections 12(2) and 15 of the Securities Act of 1933 ("1933 Act"), 15 U.S.C. § 771(2)—against the Sybedon Defendants, Prudential–Bache Securities, and Pannell (the first cause of action);

B. primary liability for violations of Section 10(b) of the 1934 Securities Exchange Act ("1934 Act"), 15 U.S.C. § 78j(b) and Rule 10b–5, 17 C.F.R. 240.10b–5—against the Sybedon Defendants, Prudential–Bache Securities, and Pannell (the second cause of action);

C. secondary liability for violations of section 10(b) and Rule 10b–5—against all remaining defendants (the third cause of action);

D. violations of section 10(b) and Rule 10b–5—against National Union (the fourth cause of action);

E. rescission under section 29 of the 1934 Act—against National Union (the fifth cause of action);

F. violations of California Corporations Code section 25504.2—against Pannell, and Wilrock (the sixth cause of action);

G. violations of California Corporations Code sections 25401, 25501 and 25504—against the Sybedon Defendants and Prudential–Bache Securities (the seventh cause of action);

H. violations of California Corporations Code section 25504.1—against all remaining defendants (the eighth cause of action);

I. fraud and deceit, in violation of California Civil Code sections 1710(1) and 1710(3)—against all remaining defendants (ninth cause of action);

J. negligence, misrepresentations and omissions, in violation of California Civil Code section 1710(3)—against all remaining defendants (the tenth cause of action);

K. breach of fiduciary duty—against Sybedon, Prudential–Bache Securities, and Pannell (the eleventh cause of action);

L. aiding and abetting a breach of fiduciary duty—against all remaining defendants (the twelfth cause of action);

M. breach of fiduciary duty and breach of a covenant of good faith and fair dealing—against National Union (the thirteen cause of action);

N. professional malpractice (accounting)—against Pannell (the fourteenth cause of action);

O. professional negligence (appraising) —against Wilrock (the sixteenth cause of action);

P. accounting—(the eighteenth cause of action);

Q. RICO—against the Sybedon Defendants (the nineteenth cause of action);

Further factual background will be presented as it relates to the discussion of the motions, below.

## DISCUSSION

### I.

### MOTION FOR CLASS CERTIFICATION

■ Plaintiffs have identified nineteen parties as class representatives. One is Lubin, the original proposed class representative. Eleven of the other identified plaintiffs were intervenors at the previous stage in the litigation. The final seven are new to this cause of action.

In order to qualify for class certification, plaintiffs must first show that their putative class meets all four requirements of Federal Rule of Civil Procedure 23(a). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the represent-

ative parties will fairly and adequately protect the interests of the class.
Fed.R.Civ.P. 23(a).

In its June Order, this court deferred its ruling on class certification to permit a fuller hearing on the issue of adequacy of representation. The court stated that "[i]f adequacy is shown, then the class will be certified as described above." *Lubin*, 688 F.Supp. at 1464. The court therefore found that the requirements of 23(a)(1–3) had been met. The court now finds that with the addition of the eighteen new proposed class representatives, adequacy of representation has been shown. Therefore, the class should be certified.

### II.

### MOTIONS TO DISMISS

*A. Violations of § 10(b) of the 1934 SEA and Rule 10b–5 for Secondary Liability; the Third Cause of Action*

In their Second Amended Complaint, plaintiffs have limited their secondary liability claim to allegations of aiding and abetting. No controlling person liability was alleged against defendants.

In order to establish aider and abettor liability, a plaintiff must show: (1) the existence of an independent primary wrong; (2) actual knowledge by the alleged aider and abettor of the wrong and of his or her role in furthering it; and (3) substantial assistance in the wrong. *Harmsen v. Smith*, 693 F.2d 932 (9th Cir.1982), *cert. denied*, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983). Liability as an aider and abettor also requires that a defendant has been under a duty to disclose. This duty arises from "knowing assistance of or participation in a fraudulent scheme." *Strong v. France*, 474 F.2d 747, 752 (9th Cir.1973). The defendant's position and the relationship that exists between the defendant and plaintiff are not the controlling factors. *Mirotznick v. Sensney, Davis & McCormick*, 658 F.Supp. 932, 941 (W.D.Wash. 1986), *see also Harmsen*, 693 F.2d at 944.

Defendants National Union and Wilrock have moved to dismiss on the ground that plaintiffs have failed to plead with suffi-

cient detail to establish aiding and abetting liability.

### 1. National Union

■ Plaintiffs state in their opposing papers that "[p]laintiffs have alleged that National Union had a persuasive overall presence and helped draft and redraft the Private Placement Memorandum to make the U.S. Grant Associates appear marketable." (Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Second Complaint, p. 35). The court finds, however, that the specific allegations in the Second Amended Complaint concerning presence and assistance in drafting the CPPM were limited to National Union receiving drafts of the CPPM for its review and comment. (Complaint ¶¶ 99 and 105).

Mere receipt and review of drafts of the CPPM does not constitute substantial assistance in the alleged fraud. National Union did issue a surety bond, but the issuing of a surety bond, without substantial participation in the offering materials, constitutes nothing more than the mere provision of routine business services. *See In re Rexplore, Inc. Securities Litigation,* 671 F.Supp. 679, 686 (N.D.Cal.1987). Plaintiffs have thus failed to show substantial assistance in the fraud on the part of National Union; thus, aider and abettor liability against National Union has not been established.

### 2. Wilrock

■ In the second amended complaint, plaintiffs allege that Wilrock performed an appraisal of the U.S. Grant Hotel for Sybedon with the understanding that the appraisal would be utilized in the offering materials. (Complaint ¶ 180). However, plaintiffs have failed to plead facts showing that Wilrock knew of the primary fraud or its role in that fraud. Nor have plaintiffs shown substantial assistance in the fraud. The court finds that plaintiffs have failed to adequately plead aider and abettor liability against Wilrock.

### B. Violations of § 10(b) of the SEA and Rule 10b–5 Against National Union Only; the Fourth Cause of Action

■ Plaintiffs have made general allegations that National Union participated in the preparation of the CPPM. However, as discussed above, the specific facts pleaded against National Union only show that National Union received copies of the CPPM for its review. National Union was not even mentioned by name in the CPPM. Plaintiffs have therefore failed to allege facts demonstrating that National Union made a misstatement. Thus, their claim for primary liability under § 10(b) and Rule 10b–5 is limited to failure to disclose.

In the second amended complaint, plaintiffs allege that "National Union omitted to state material facts regarding the provisions of the Financial Guarantee Bond which purport to waive the class members' defenses to the execution of the bond and enforcement of the notes." (Complaint ¶ 226).

Where an omission is pleaded, plaintiffs must also show a duty to disclose on behalf of defendants. The Ninth Circuit requires the application of a "flexible duty test" in order to determine the scope of a defendant's duty under section 10(b) and Rule 10b–5. *White v. Abrams,* 495 F.2d 724, 735–36 (9th Cir.1974). However, in an impersonal market transaction, the plaintiffs must show a "fiduciary or agency relationship, prior dealings, or circumstances such that one party has placed trust and confidence in the other before a *White* analysis can be applied. *Jett v. Sunderman,* 840 F.2d 1487, 1493 (9th Cir.1988).

■ Because the court finds that plaintiffs have failed to meet the prerequisite set forth in *Jett,* and thus have failed to show a duty to disclose on behalf of National Union, the court does not need to reach the question of whether the alleged omissions concerning waivers made by plaintiffs were material. Thus, plaintiffs have failed to adequately plead the fourth cause of action against National Union.

#### C. Violations of § 29 of the 1934 SEA Against National Union Only; the Fifth Cause of Action

Plaintiffs claim a right of rescission based on section 29 of the 1934 Act, 15 U.S.C. § 78cc. Section 29(b) provides, in part:

Every contract made in violation of any provision of this chapter or of any rule or regulation thereunder, and every contract ... the performance of which involves the violation of ... any provision of this chapter or any rule or regulation thereunder, shall be void.

The contract plaintiffs are attempting to rescind is the Financial Guarantee Bond issued by National Union. Therefore, this claim is dependent upon a prior finding by the court that National Union violated § 10(b) of the 1934 Act through its actions in issuing the bond. However, in the above discussion the court found that plaintiffs' claims against National Union under § 10(b) should be dismissed. Accordingly, plaintiffs' claim against National Union under § 29 must also be dismissed.

#### D. Violations of California Corporations Code (CCC) § 25504.2; the Sixth Cause of Action

■ Section 25504.2 creates joint and several liability for accountants, appraisers, and other professionals who have consented to be named in, have been named in, and have provided material for, an offering prospectus, and have materially assisted in the sale of securities with intent to deceive or defraud. Cal.Corp.Code § 25504.2 (West 1988). The plaintiff asserting such liability must have relied on the misrepresentation or omission in purchasing the security. *In re Rexplore, Inc. Securities Litigation,* 685 F.Supp. 1132, 1147 (N.D. Cal.1988). Defendant Wilrock has moved to dismiss on the ground of insufficient pleadings.

The court finds that plaintiffs' section 25504.2 claim against Wilrock has alleged facts showing that Wilrock provided an offering document upon which investors relied; therefore, plaintiffs' section 25504.2 claim against Wilrock is sufficient.

#### E. Violations of California Corporations Code (CCC) § 25504.1; the Eighth Cause of Action

Section 25504.1 creates liability for those who, with intent to deceive or defraud, materially assist in violation of § 25110 or 25401. Cal.Corp.Code § 25504.1 (West 1988). Defendants National Union and Wilrock have moved for dismissal on grounds that plaintiffs have not sufficiently pleaded aiding and abetting liability.

The court finds that its previous discussion of the plaintiffs' Third Cause of Action is applicable for this claim. Accordingly, plaintiffs' pleadings are insufficient as against National Union and Wilrock.

#### F. Fraud & Deceit, the Ninth Cause of Action

■ Defendants Prudential–Bache Securities, Prudential–Bache Properties, National Union, and Wilrock have moved to dismiss on the grounds of insufficient pleading to establish fraud. Defendants argue that plaintiffs have failed to allege the specific time and place of the alleged fraudulent omissions and misstatements and have failed to identify which defendant is responsible for which omission or misstatement.

The legal standards governing pleading for federal complaints are found in Rules 8 and 9 of the Federal Rules of Civil Procedure. Rule 8 calls merely for a short and plain statement of the facts and claim, and has consistently been accorded very liberal construction. Rule 9(b), however, provides that certain "special matters," such as fraud, must be pleaded with particularity.

Under Ninth Circuit law, a pleading is sufficient for purposes of Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer. While conclusory allegations will not suffice, statements which provide the time, place and nature of the alleged fraudulent activities will. *Bosse v. Crowell, Collier and MacMillan,* 565 F.2d 602, 611 (9th Cir.1977); *Walling v. Beverly Enterprises,* 476 F.2d 393, 397 (9th Cir. 1973). However, in situations where infor-

mation concerning the specific facts as to the time and place of the alleged fraudulent omissions is peculiarly within the opposing parties' knowledge, the rule of pleading fraud with particularity may be relaxed. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1298 (1969).

In a complex securities fraud case such as this many of the specific facts concerning fraudulent actions may be within the opposing parties' knowledge. Plaintiffs in the Second Amended Complaint have attempted to plead with particularity the alleged misstatements and omissions and have accompanied these allegations with statements of the grounds on which their beliefs rest. The court finds the Second Amended Complaint to contain sufficient information as to plaintiffs' allegations to allow the defendants to prepare an adequate answer.

Defendants also argue that plaintiffs have failed to plead reliance. As noted in the above discussion on the Third Cause of Action, plaintiffs' allegations against National Union amount to a mere charge of providing routine business service. Accordingly, plaintiffs' allegations of reliance are insufficient as to National Union. However, the court finds that plaintiffs have adequately alleged that they relied on the actions of Wilrock, Prudential–Bache Securities and Prudential–Bache Properties in purchasing the securities. Thus, the plaintiffs' allegations for the Ninth Cause of Action are sufficient to plead a cause of action for Fraud and Deceit against Wilrock, Prudential–Bache Securities and Prudential–Bache Properties.

### G. Negligent Misrepresentation and Omissions; the Tenth Cause of Action

Defendants National Union, Prudential–Bache Securities, Prudential–Bache Properties, and Wilrock have moved to dismiss on the grounds of insufficiency of the pleadings and failure to plead reliance.

The court again finds that its reasoning in the above discussion of the Third and Fourth Causes of Action concerning National Union apply to this claim. Accordingly, plaintiffs' allegations against National Union are insufficient. Finally, the

court finds that the pleadings against Wilrock, Prudential–Bache Securities and Prudential–Bache Properties are sufficient.

### H. Breach of Fiduciary Duty; the Eleventh Cause of Action

Defendant Prudential–Bache Securities has moved to dismiss on the ground that it does not owe plaintiffs a fiduciary duty.

Plaintiffs have alleged that Prudential–Bache Securities provided investment advice through written materials and oral representations. (Complaint ¶¶ 143 and 158). They also alleged that these representations induced them to purchase the securities. (Complaint ¶ 114). The court must accept these allegations as true on a motion to dismiss. Therefore, the court finds that these allegations are sufficient for pleading a fiduciary duty. *See Leboce, S.A. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 709 F.2d 605, 607 (9th Cir. 1983).

### I. Aiding and Abetting Breaches of Fiduciary Duty; the Twelfth Cause of Action

Defendants National Union, Prudential–Bache Securities, Prudential–Bache Properties, and Wilrock have moved to dismiss on the ground that plaintiffs failed to show that fiduciary duties existed at the time of the alleged breach or the manner in which defendants participated in such breach.

The court finds that the above discussion on the Third Cause of Action directly applies to this action. Accordingly, plaintiffs have failed to plead sufficient facts against National Union and Wilrock. Finally, the court finds that plaintiffs have sufficiently pleaded facts for this action against Prudential–Bache Securities and Prudential–Bache Properties.

### J. Breach of Fiduciary Duty and Breach of the Covenant of Good Faith & Fair Dealing Against Defendant National Union Only; the Thirteenth Cause of Action

National Union moves to dismiss on the ground that it owed no fiduciary duty to plaintiffs.

In the above discussion of the Fourth Cause of Action, the court found that National Union owed no fiduciary duty at the time of the sale of the securities. Plaintiffs have alleged, however, that National Union failed to disclose material information concerning a waiver in the Financial Guarantee Bond by which plaintiffs waived defenses to payments on the investor promissory notes and execution of the Financial Guarantee Bond. These allegations concern actions taken after the sale of the securities and therefore require further discussion.

Plaintiffs' argument that a fiduciary relationship exists is twofold. First, plaintiffs argue that whenever trust and confidence are reposed by one person in the integrity and fidelity of another and the person in whom such confidence is reposed obtains control over the affairs of the first person, a fiduciary relationship is created. *See Main v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 67 Cal.App.3d 19, 31, 136 Cal.Rptr. 378 (1977). Second, plaintiffs argue that their relationship with National Union is essentially that of insured and an insurer, which in certain circumstances may be characterized as a fiduciary relationship. *See Egan v. Mutual of Omaha Insurance Company,* 24 Cal.3d 809, 820, 169 Cal.Rptr. 691, 620 P.2d 141 (1979), *cert. denied,* 445 U.S. 912, 100 S.Ct. 1271, 63 L.Ed.2d 597 (1980).

■ The first argument fails as plaintiffs have not alleged the type of facts necessary to create a fiduciary relationship. Plaintiffs do not allege face-to-face contact creating special trust and confidence, nor do they allege facts showing National Union having control over their affairs.

■ On the second argument, this court is not persuaded that the analogy of an insured and an insurer properly applies here. A surety's obligations "are generally limited to those it undertakes in the bond." *In re Rexplore, Inc. Securities Litigation,* 685 F.Supp. 1132, 1149 (N.D. Cal.1988). The court finds, therefore, that plaintiffs have failed to sufficiently plead fiduciary duty against National Union and, therefore, this claim should be dismissed.

■ Finally, plaintiffs allege a breach of the covenant of good faith and fair dealing. Under California law, every contract has an implied covenant of good faith and fair dealing. *Egan,* 24 Cal.3d at 818, 169 Cal.Rptr. 691, 620 P.2d 141. "The implied promise requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement. [Citations omitted]. The precise nature and extent of the duty imposed by such an implied promise will depend on the contractual purpose." *Id.*

Because the nature and extent of the duty imposed under the contract between plaintiffs and National Union is an issue of fact, a motion for summary judgment would more properly raise the question of what the duty was and whether National Union breached that duty. Finally, the court notes that when it decided to exercise its pendent jurisdiction over the state claims against National Union, there were both federal and state substantive claims existing in this action against National Union.

As discussed above, all of the federal claims are being dismissed and the only remaining state claim is the claim for breach of the covenant of good faith and fair dealing. This remaining state claim does not share enough factual similarity with the other remaining claims in this action to justify the exercise of this court's pendent jurisdiction. As the United States Supreme Court has stated, "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Accordingly, the claim for breach of fiduciary duty in the Thirteenth Cause of Action should be dismissed with prejudice, while the claim for breach of covenant of good faith and fair dealing should be dismissed without prejudice.

### K. RICO; the Nineteenth Cause of Action

Plaintiffs have alleged violations of the Racketeer Influenced and Corrupt Orga-

nizations Act (RICO), 18 U.S.C. §§ 1961–1968, against defendants Sybedon, Glickman, Lewis and Davis.

### 1. Sybedon

██ The RICO allegations against Sybedon are based upon 18 U.S.C. § 1962(a) which provides in relevant part:

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

Sybedon moves to dismiss on the grounds that plaintiffs failed to show that defendants derived income from alleged racketeering activity, and failed to show that plaintiffs were damaged by the use or investment of such income.

In order to plead a cause of action under section 1962(a), plaintiffs must show both that defendants have received income or proceeds from the racketeering activity and that plaintiffs have been injured by the use or investment of that income or proceeds. *See In re Rexplore, Inc. Securities Litigation*, 685 F.Supp. 1132, 1141 (N.D.Cal. 1988).

The only statement pleaded in the Second Amended Complaint which alleges that Sybedon received income from the pattern of racketeering activity is a general statement that simply alleges that Sybedon "directly or indirectly derived income from the pattern of racketeering activity." (Complaint ¶ 349). This allegation is simply a recitation of the general requirements for pleading a § 1962(a) action. There are no specific allegations in the Second Amended Complaint as to the type of income received by Sybedon or the manner in which Sybedon received such income.

Plaintiffs' pleadings in the Second Amended Complaint allege simply that they have been injured by the underlying predicate acts of the fraudulent scheme.

This is insufficient to show that Sybedon received income or proceeds from the racketeering activity and that plaintiffs have been injured by the use or investment of that income or proceeds.

### 2. Glickman, Lewis and Davis

██ The RICO allegations against Glickman, Lewis and Davis are based on 18 U.S.C. § 1962(c), which provides:

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct, or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Liability under section 1962(c) thus requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985).

An enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Plaintiffs must make a distinction between the person and the enterprise as "enterprise was meant to refer to a being different from, not the same as or part of, the person whose behavior the act was designed to prohibit." *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir.1984).

Plaintiffs have named Glickman, Lewis and Davis as the persons and "Sybedon" as the enterprise. (Complaint ¶ 352). To show a pattern of racketeering activity, plaintiffs must allege at least two acts of racketeering activity. 18 U.S.C. § 1961(5). Plaintiffs allege that "the RICO DEFENDANTS committed greater than two predicate acts of mail and wire fraud between the years of 1983 and 1985 in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1343, respectively, and further violated 18 U.S.C. § 1961(1)(D) relating to fraud in the sale of securities." (Complaint ¶ 345).

Plaintiffs have therefore met the requirements of showing a pattern. However, under Federal Rule of Civil Procedure 9(b) "plaintiffs must state the circumstances of the predicate acts with particularity." *In re Rexplore, Inc. Securities Litigation,* 671 F.Supp. 679, 690 (N.D.Cal.1987). Plaintiffs' mere allegation of multiple mail and wire fraud does not provide sufficient notice of the time, place and manner of the alleged frauds to meet the requirements of Rule 9(b).

Finally, the court orders that in a further amended complaint, if plaintiffs continue to allege RICO violations, the violations of section 1962(a) and section 1962(c) should be separately pleaded.

## III.

## MOTIONS FOR SUMMARY JUDGMENT

### STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party which "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact and that judgment may be entered as a matter of law. *Richards v. Nielsen Freight Lines,* 810 F.2d 898, 902 (9th Cir.1987). "[A] party opposing a properly supported motion for summary judgment ... 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### DISCUSSION

Defendants Sybedon, Prudential–Bache and Wilrock move for partial summary judgment against Robert Lubin on the first through third claims in the second amended complaint. Defendants' motion argues that admissions by Lubin establish that there is no triable issue of material fact.

Defendants further assert that if summary judgment is granted as to Lubin, it must also be granted as to the claims of the majority of the other plaintiffs named in the second amended complaint as their claims would be time barred.

In its June Order, this court found that Lubin was "alarmingly" unfamiliar with the outlines of his suit. *Lubin,* 688 F.Supp. at 1462. This finding was based upon a deposition conducted on April 26, 1988. Defendants now argue that Lubin's answers in the deposition establish that there is no triable issue of material fact. (Sybedon's Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment at 2–7).

 The court finds that Lubin's deposition testimony merely demonstrates, as noted above, his unfamiliarity with the outlines of the suit. While this unfamiliarity may make Mr. Lubin an inadequate class representative, it does not suffice to establish that there are no material issues in dispute. The court still has before it the Second Amended Complaint filed in Mr. Lubin's name. The allegations in that complaint cannot be extinguished by the type of unclear testimony given by Mr. Lubin at the deposition. *Cf. Surowitz v. Hilton Hotels Corporation,* 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966).

Because the court has determined that summary judgment is not appropriate as to Lubin, it is not necessary to reach the summary judgment motions against the other plaintiffs which are based upon statute of limitations grounds.

## IV.

## MOTION FOR SANCTIONS

 Defendants have moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure. The second amended complaint filed by plaintiffs is longer than it need be (234 pages) and not as clear as it could be. Also, plaintiffs have included superfluous facts and at times unfocused allegations. However, in its June Order, the court admonished plaintiffs that a com-

plaint should be long on facts. *Lubin*, 688 F.Supp. at 1443. Plaintiffs have filed a complex case, and lapses of detail or depth provide no cause for sanctioning plaintiffs' counsel.

## V.

### CONCLUSIONS

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth above, the court hereby concludes as follows:

I. Plaintiffs' motion for class certification is granted.

II. The third cause of action is DISMISSED WITH PREJUDICE as to defendants National Union and Wilrock.

III. The fourth cause of action is DISMISSED WITH PREJUDICE as to defendant National Union.

IV. The fifth cause of action is DISMISSED WITH PREJUDICE as to defendant National Union.

V. The motion of Wilrock to dismiss the sixth cause of action is DENIED.

VI. The eighth cause of action is DISMISSED WITH PREJUDICE as to defendants National Union and Wilrock.

VII. The ninth cause of action is DISMISSED WITH PREJUDICE as to defendant National Union, and the remaining motions to dismiss this cause of action are denied.

VIII. The tenth cause of action is DISMISSED WITH PREJUDICE as to defendant National Union and the remaining motions to dismiss this cause of action are denied.

IX. The motion of Prudential–Bache Securities to dismiss the eleventh cause of action is denied.

X. The twelfth cause of action is DISMISSED WITH PREJUDICE as to defendants National Union and Wilrock; the remaining motions to dismiss this cause of action are denied.

XI. The thirteenth cause of action consists of two separate causes of action. The action for Breach of Fiduciary Duty is DISMISSED WITH PREJUDICE as to defendant National Union, and the action for Breach of Covenant of Good Faith & Fair Dealing is DISMISSED WITHOUT PREJUDICE as to defendant National Union.

XII. The nineteenth cause of action is DISMISSED WITHOUT PREJUDICE as to defendants Sybedon, Glickman, Lewis and Davis.

XIII. Defendants' motions for summary judgment are DENIED.

XIV. Defendants' motions for sanctions are DENIED.