981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sylvester T. TIPPETT, Plaintiff-Appellant,
v.
E. Earle BAYMAN; Edna C. Bayman; Clinton J. Henderson;
James W. Grow; Henderson & Grow, a partnership,
Defendants-Appellees.
 No. 91-35899.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 28, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sylvester T. Tippett appeals pro se the district court's dismissal for failure to state a claim of his action alleging that Earle and Edna Bayman and their attorneys violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. Tippett unsuccessfully sued the Baymans in Washington and Idaho state courts and the bankruptcy court alleging that he is the owner of certain cattle in the possession of the Baymans. Tippett now alleges that he lost these lawsuits as a result of false testimony and misrepresentations made by the Baymans and their attorneys in connection with these lawsuits and in violation of RICO. The district court found that Tippett did not and could not state a viable RICO claim because he affirmatively alleged that there was no "enterprise" separate and apart from the defendants' alleged pattern of racketeering activity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal of an action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc). "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." Rae v. Union Bank, 725 F.2d 478, 479 (9th Cir.1984). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir.1989).
 
 Section 1962 provides in relevant part:
 
 4
 (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
 
 
 5
 (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern or racketeering activity or collection of unlawful debt.
 
 
 6
 (d) It shall be unlawful for any person to conspire to violate any of the provisions of [this Act].
 
 
 7
 18 U.S.C. § 1962.
 
 
 8
 A RICO "enterprise" must be "an entity separate and apart from the pattern of [racketeering] activity in which it engages." United States v. Turkette, 452 U.S. 576, 583 (1981); United Energy Owners Comm., Inc. v. United Energy Management Sys., Inc., 837 F.2d 356, 361-62 (9th Cir.1988). "The 'pattern of racketeering activity is ... a series of criminal acts,' while an enterprise may be 'a group of persons associated together for a common purpose of engaging in a course of conduct.' Proof of the enterprise may be established by 'evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit,' while proof of the racketeering activity is established by 'evidence of the requisite number of acts of racketeering committed by the participants in the enterprise.' " United Energy Owners, 837 F.2d at 362 (quoting Turkette, 452 U.S. at 583).
 
 
 9
 Here, although Tippett alleges that the defendants violated RICO, in the pleadings filed in district court he alleges that there are "no activities separate from the acts of the two defendants to carry out the goal of the enterprise." Thus, Tippett alleges that the enterprise and the racketeering activity are the same, namely the alleged conspiracy among the defendants to deprive Tippett of his property. Accordingly, because Tippett failed to allege the existence of an enterprise "separate and apart" from the racketeering activity, the district court properly dismissed his action for failure to state a claim. See Turkette, 452 U.S. at 583; United Energy Owners, 837 F.2d at 362.
 
 
 10
 Tippett also raises several additional claims of error. We address each in turn. First, Tippett contends that the district court erred by granting defendants' motion to dismiss without permitting oral argument. Under the local rules for the District Court for the Eastern District of Washington, however, the court may in its discretion determine any motion without oral argument. U.S.Dist.Ct.E.D.Wash.Local R. 7(3). Second, Tippett contends that the district court erred by depriving him of discovery before ruling on the motion to dismiss. As the district court correctly noted, however, discovery is proper only when matters outside of the pleadings are to be considered by the court. Defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6) required consideration of the pleadings only. Third, Tippett contends that the district court erred by failing to enter a default judgment against defendants for failure to file an answer to the complaint. The record indicates, however, that defendants filed a timely answer to Tippett's complaint. Fourth, Tippett contends that the district court erred by requiring him to file a RICO case statement. Under Local Rule 8, however, the party asserting claims under RICO must at the time of filing or serving the pleading containing such claims, file and serve a RICO Case Statement. See U.S.Dist.Ct.E.D.Wash.Local R. 8. Fifth, Tippett contends that the district court erred by dismissing his action as time-barred under the applicable statute of limitations. The district court's order, however, indicates that dismissal was on the ground that Tippett failed to state a claim under RICO. Although the statute of limitations was mentioned by the court, it was clearly not the basis for dismissal. Sixth, Tippett contends that the district court erred by holding a hearing on the motion to dismiss because the motion was neither filed nor served. The record indicates, however, that the motion was properly filed and that Tippett had notice of the motion. Finally, Tippett contends that the district court erred by imposing local rules on him. This contention is clearly meritless. See Fed.R.Civ.P. 83.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3