69 F.3d 543
 1996-1 Trade Cases P 71,261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert M. DAMIR, Trustee, on behalf of the Old Oakland
Company, the Wilcox/Leimert Company and Delger Block/Ross
House Company, a California limited partnership; John M.
England, Trustee, on behalf of Storek & Storek/Environmental
Center, a Califonria limited partnership; Donald A. Ring,
Trustee, on behalf of Storek & Storek/50 Grant Avenue, a
California general partnership; Storek & Storek, Inc., a
California corporation, Plaintiffs-Appellants,
v.
CITICORP, a Delaware corporation, Citibank, N.A., Citicorp
Real Estate, Inc., a Delaware corporation; Citicorp
Securities Markets, Inc., a Delaware corporation; Citicorp
North America, Inc., a Delaware corporation; Citicorp
Investment Bank, Ltd., a United Kingdom banking association;
Bramalea Pacific, a California corporation, Defendants-Appellees.
 No. 94-15367.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 18, 1995.
Decided Nov. 1, 1995.
 
 Before: SKOPIL, PREGERSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert M. Damir, John M. England, Donald A. Ring and Storek & Storek, Inc. (S & S) (collectively Partnership plaintiffs) appeal the district court's order dismissing their complaint without leave to amend for failure to state a claim upon which relief could be granted. Robert M. Damir is the United States bankruptcy trustee for the Old Oakland Company, Delger Block/Ross House Company, and The Wilcox/Leimert Company (collectively the Partnership). John M. England is the United States bankruptcy trustee for Storek & Storek/Environmental Center (S & S/EC). Donald A. Ring is the United States bankruptcy trustee for Storek & Storek/50 Grant Avenue (S & S/50). The complaint alleged a violation of the anti-tying provisions of the Bank Holding Company Act Amendments of 1970, 12 U.S.C. Sec. 1972, and state lender law liability claims against Citicorp, Citibank, N.A. (Citibank), Citicorp Real Estate, Inc. (CRE), Citicorp Securities Markets, Inc. (CSM); Citicorp North America, Inc., Citicorp Investment Bank, Ltd. (CIB), Citibank Federal Savings Bank (CFSB), and Oakland Victorians Realty, Inc. (OVR), (collectively Citicorp Defendants). The district court declined to exercise its jurisdiction over the remaining state claims.
 
 DISCUSSION
 1. Dismissal of Tying Complaint
 
 3
 The anti-tying provision of the Bank Holding Company Act (BHCA) precludes a Bank from tying the purchase of one of its products to the purchase of another of its products. 12 U.S.C. Sec. 1972(1)(A), (E). "To state a viable claim under Sec. 1972, plaintiffs must show (1) 'the banking practice in question was unusual in the banking industry,' (2) 'an anti-competitive tying arrangement' existed, and (3) 'the practice benefits the bank.' " Bieber v. State Bank of Terry, 928 F.2d 328, 330 (9th Cir.1991) (quoting Rae v. Union Bank, 725 F.2d 478, 480 (9th Cir.1984)). Plaintiffs must allege sufficient facts to establish each of the three elements. Id.; Rae, 725 F.2d at 480. An action to enforce Sec. 1972 "shall be forever barred unless commenced within four years after the cause of action accrued." 12 U.S.C. Sec. 1977.
 
 
 4
 The Partnership Plaintiffs claim that a provision of the 1989 construction loan agreement violates Sec. 1972. Specifically, they point to article five of the construction loan agreement entitled "covenants" and section 5.01 entitled "obligations of the borrower" which provides that the Partnership would not modify or amend prior agreements related to the property. The Partnership Plaintiffs contend that the provision "froze" all terms of the prior agreements including the indenture terms which designated the remarketing agent for the bonds, and that the funds from the construction loan agreement were conditioned on Citibank's being maintained as the remarketing agent. As a result, say the Partnership Plaintiffs, the construction loan agreement is a tying agreement. We do not agree.
 
 
 5
 The Partnership Plaintiffs have failed to plead a viable violation of the BHCA. Section 5.01 of the construction loan agreement does not contain any expressed violation of the anti-tying provision of the BHCA, and there is no showing that any term of section 5.01, or any part of the construction loan agreement, constitutes an unusual banking practice. See Bieber, 928 F.2d at 330; Rae, 725 F.2d at 480. Section 5.01 refers to agreements "relating to the Property and to which the [Partnership] is a party." The section ensures that the Partnership will not modify the terms of those agreements without the consent of CRE. The Property is the collateral for the loan and it is not an unusual practice for a lender to ensure that a borrower will not diminish the value of the collateral or otherwise render the lender insecure by modifying the terms of any agreement relating to the collateral without the lender's consent. See Bieber, 928 F.2d at 330 (nothing anti-competitive about a bank requiring a debtor to put its financial house in order); Rae, 725 F.2d at 480 (getting additional protection for a loan is not an unusual banking practice and does not create an unlawful tying arrangement); see also Gulf States Land & Dev. v. Premier Bank, N.A., 956 F.2d 502, 507 (5th Cir.1992) (not unusual banking practice for bank to require debtor to restructure other troubled debts prior to granting release on loan and foregoing satisfaction of deficiency on debt); Sanders v. First Nat. Bank & Trust Co., 936 F.2d 273, 278 (6th Cir.1991) (no violation of anti-tying provision by condition that additional collateral be provided in exchange for forbearance on collection of a defaulted note). Thus, there is no showing that the construction loan agreement, on its face, violates the anti-tying provision of the BHCA. See Bieber, 928 F.2d at 330; Rae, 725 F.2d at 480.
 
 
 6
 The Partnership Plaintiffs rely on the reference in section 5.01 to "Loan Documents" which are defined to include "Bond Documents" for support of their claim that the construction loan agreement "froze" the identity of the remarketing agent and therefore created a tying agreement. This contention is without merit.
 
 
 7
 On December 1, 1984, the City of Oakland entered into three identical trust indenture agreements with Union Bank, as trustee. Neither the Partnership nor CRE was a party to the agreements. Each indenture contained a section stating that the "City, with the approval of the Borrower, hereby appoints Citibank, N.A., as the Remarketing Agent" for the bonds (Trust Indenture section 9.24). The following section states that the remarketing agent may resign by giving thirty days notice in writing "or may be removed at the direction of the Borrower, by an instrument signed by the City and filed with the Remarketing Agent, the Tender Agent and the Letter of Credit Bank." (Trust Indenture section 9.25). The Partnership was the "Borrower."
 
 
 8
 The tortured logic that would lead to the conclusion that the reference in section 5.01 to "Loan Documents" would have the effect of "freezing" the remarketing agent, thereby creating a tying agreement, would also have section 5.01 "freezing" the section that allows for the removal of the remarketing agent at the direction of the Partnership. The net effect would be that the Partnership would still have the right to direct appointment of a new remarketing agent. Thus, the end result is that the construction loan agreement did not affect the indenture one whit.
 
 
 9
 Finally, the Partnership Plaintiffs assert that the district court should have granted them leave to amend so that they could plead that the original loan documents in 1983 and 1984 themselves contained the tying agreement. As they recognize, they could not sue directly on those documents because over four years had passed before their complaint was filed. See 12 U.S.C. Sec. 1977. They, however, seek to avoid the bar of the statute of limitations by asserting that when Sec. 5.01 provided that prior agreements could not be changed without the permission of the Citicorp Defendants that, somehow, resurrected the tying claim. Assuming, without deciding, that the earlier transactions were tying transactions, we fail to see how Sec. 5.01 affected them in any manner whatever. Indeed, if Sec. 5.01 were intended to apply to them, it was a mere tautology in that respect. Of course, the Partnership could not have changed those old agreements with the Citicorp Defendants without their permission and Sec. 5.01 added nothing to that. At most it memorialized the obvious. Thus, the district court correctly decided that based upon what was before it, any proposed amendment would be futile. See Allwaste v. Hecht, 65 F.3d 1523, 1530 (9th Cir.1995); Saul v. United States, 928 F.2d 829, 843 (9th Cir.1991).
 
 2. Consideration of Documents
 
 10
 Exhibits attached to a complaint may be considered on a Rule 12(b)(6) motion without converting the motion into one for summary judgment. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). In addition, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting it into one for summary judgement. Branch v. Tunell, 14 F.3d 449, 454 (9th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994).
 
 
 11
 In deciding the Rule 12(b)(6) motion to dismiss, the district court looked to section 9.25 of the 1984 bond indenture agreement. Both parties relied on the terms of the 1984 bond indenture agreement, and neither party questioned its authenticity. Although the agreement was not attached to the pleading, the Partnership Plaintiffs alleged facts contained in the agreement. Therefore, the district court did not err by considering the agreement in its decision to dismiss pursuant to Rule 12(b)(6). See Branch, 14 F.3d at 454; see also Kramer v. Time Warner Inc., 937 F.2d 767, 773-74 (2d Cir.1991).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3