Carolyn BODAM, Plaintiff

v.

GTE, CORP, fka Continental Telecom, GTE Long Term Disability Plan and Unumprovident Life Insurance Company of America, et at, Defendants

No. EDCV–00–0194 RT.

United States District Court, C.D. California.

March 8, 2002.

Louis G. Fazzi, Fullerton, CA, Carolyn Bodam, Apple Valley, CA, for Plaintiff.

Stephen H. Galton, Cameron Hall Totten, Galton & Helm, Los Angeles, CA, Jennifer L. Kurzon, Santa Ana, CA, for Defendants.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE THIRD CLAIM OF THE SECOND AMENDED COMPLAINT PURSUANT TO FED R CIV P 12(b)(6)

TIMLIN, District Judge.

The court, Judge Robert J. Timlin, has read and considered Defendants GTE

Corp., fka Continental Telecom ("GTE"), GTE Long Term Disability Plan ("LTD Plan"), and UNUM Life Insurance Company of America, erroneously sued as UNUMProvident Life Insurance Company of America ("UNUM") (collectively "Defendants")'s motion to dismiss the third claim of Plaintiff's second amended complaint ("SAC") pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), Plaintiff Carolyn Bodam ("Bodam")'s opposition and Defendants' reply. Based upon such consideration, the court concludes as follows.

## I.

### BACKGROUND [1]

The LTD Plan is an employee benefit plan governed by ERISA. Bodam was an employee of GTE or one of its predecessors and a beneficiary under the LTD Plan. Pursuant to the terms of the Plan, Bodam is entitled to long term disability benefits for the duration of her disability, so long as she remains totally disabled and unable to work at her own occupation or any other occupation for which she is qualified.

GTE is the Plan Sponsor and a Plan Administrator of the LTD Plan. UNUM is the insurer of benefits under the LTD Plan and a Plan Administrator of the LTD Plan. UNUM is also the named Plan Fiduciary with authority to review denied claims.

In 1984, while Bodam was employed with GTE, she suffered an injury which left her totally disabled. She was unable to work at her own occupation or any other occupation for which she was qualified. Bodam submitted a claim for long term disability benefits to Defendants. UNUM investigated the basis of Bodam's claim and determined that at the time she was totally disabled and entitled to benefits. UNUM paid such benefits for approximately twelve years. In 1996, UNUM determined that Bodam was no longer totally disabled and wrongfully denied her continuing claim to benefits. UNUM reviewed Bodam's appeal of the denial of benefits and affirmed the denial. Bodam has exhausted her administrative remedies.

Bodam alleges three claims in her SAC: 1) first claim for wrongful denial of plan benefits under 29 U.S.C. § 1132(a)(1)(b) of the Employee Retirement Income Security Act of 1974 (ERISA) against the LTD Plan, 2) second claim for injunctive relief pursuant to 29 U.S.C. § 1132(c) against all Defendants; and 3) third claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et seq.* against UNUM and LTD Plan.

Defendants now move to dismiss the RICO claim on the same substantive grounds which they had raised as part of their previous reply to Bodam's opposition to their earlier motion to dismiss a similar claim in Bodam's First Amended Complaint (FAC) (earlier motion). The court had declined to consider that ground because Defendants first asserted it in their reply.

## II.

### ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987). Dismissal of an action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his

---

**1.** The facts stated in this Background portion of the order are taken, in part, from the SAC and are deemed true for the purposes of de-termining a motion to dismiss under Rule 12(b)(6). *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).

claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1482 (9th Cir.1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). All material allegations in the complaint will be taken as true and construed in the light most favorable to the non-moving party. *Chang v. Chen,* 80 F.3d 1293, 1296 (9th Cir.1996). A cause of action will be dismissed only where there is either "a lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988).

### A. Right to Move to Dismiss RICO Claim

■ Bodam asserts that Defendants have waived their right to move to dismiss her RICO claim because Defendants asserted the same bases in their reply related to the earlier motion and the court declined to consider them. *See* Fed. R.Civ.P. 12(g) and (h)(2). Because these bases were not raised in the earlier motion, but rather in the reply related to their earlier motion, Bodam urges that Defendants are precluded from raising them here. In response, Defendants note that a refusal to consider their instant motion will force them to file a motion for judgment on the pleadings under Fed. R.Civ.P. 12(c), which allows Defendants to assert these bases.

The court concludes that in the earlier motion Defendants did not submit as the bases for that motion those bases enumerated in the instant motion to dismiss under 12(b)(6). Rule 12(g) and (h)(2) does not preclude Defendants from filing the present motion under Rule 12(b)(6).

### B. Plaintiff's RICO Claim

Section 1962(c) of RICO states

"[I]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect interstate commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."

18 U.S.C. § 1962(c).

■ To state a private claim under RICO, Bodam must demonstrate five elements: (1) the existence of an enterprise affecting Interstate Commerce, (2) that Defendants were associated with or employed by the enterprise, (3) that Defendants participated in the conduct of the affairs of the enterprise; (4) that Defendant participated in a pattern of racketeering which included at least two predicate acts; and (5) that Bodam incurred actual injury to business or property. *See Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346, 358–59 (1985). A violation under section 1962(c), upon which Bodam appears to base her claim, requires proof of "1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity" *Id.*

■ Under RICO, a person is "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). A RICO defendant and the RICO enterprise cannot be the same entity under 18 U.S.C. § 1962(c). *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir. 1984).

Defendants claim that Bodam has not stated sufficient facts regarding the existence of an "enterprise," independent of the RICO defendants, within the meaning of RICO. Specifically, Defendants contend that the allegations in the SAC and reasonable inferences from such are that the "person" and the "enterprise" are both UNUM. In response, Bodam argues that the SAC alleges that UNUM established "special units" such as "Complex Claims Units and "Special Investigation Units"

and that these units are the enterprise. Bodam then asserts that *United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981) does not require that the enterprise be distinct from the RICO defendanst but rather that it is the *pattern of racketeering activity* that must be separate and apart from the enterprise (emphasis added).

 First, in *United States v. Turkette* the Court had no need to address the "person" versus "enterprise" distinction because in that case the issue before the court was whether RICO applied to legitimate businesses. As part of its analysis, the court addressed the enterprise/racketeering distinction, but not the person/enterprise demarcation. Second, Bodam's allegation of UNUM establishing "complex claims units" and "special investigation units" does not demonstrate the existence of an "enterprise" separate and distinct from UNUM under *Rae v. Union Bank*. It suggests to the contrary. In *Rae v. Union Bank*, the court found that Union Bank could not be both the "enterprise" and the RICO defendant and that therefore, plaintiff's claim failed. 725 F.2d at 481. Here, Bodam attempts to make the same argument rejected in *Rae v. Union Bank*. Although Bodam argues that the "units" are the enterprise, other allegations in the complaint indicate that they form a part of UNUM. Bodam is essentially alleging that UNUM "conducted the affairs of" or "associated with" itself. Such allegations contradict the plain language of § 1962(c). *See Comwest v. American Operator Services*, 765 F.Supp. 1467, 1473–74 (C.D.Cal. 1991).

Third, the Ninth Circuit Court of Appeals has continuously upheld the person/enterprise distinction. *See Schreiber Dist. Co. v. Serv–Well Furniture*, 806 F.2d 1393, 1397 (9th Cir.1988) (emphasizing that § 1962(c) provides that the defendant and the enterprise must be separate), *Sever v.*

*Alaska Pulp Corp.*, 978 F.2d 1529, 1534 (9th Cir.1992) (finding that a § 1962(c) suit cannot succeed where the corporation, the named defendant, is both the "person" and the "enterprise"). Because Bodam has failed to adequately plead the existence of an "enterprise," independent of the RICO defendants, as required by *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. at 496, it is unnecessary to address Defendants' other contentions.

Finally, the SAC alleges no facts supporting Bodam's claim that the Plan violated RICO This court will therefore grant Defendants' motion to dismiss the third claim of the SAC with prejudice. The Court concludes from Bodam's opposition that she will be unable to state sufficient facts to allege a RICO claim against any of the defendants.

## III.

### *DISPOSITION*

ACCORDINGLY, IT IS ORDERED THAT

1) Defendants' motion to dismiss Plaintiff Carolyn Bodam's third claim in the SAC for violation of RICO is GRANTED without leave to amend.

2) All Defendants, including GTE Corp, fka Continental Telecom, shall answer the first and second claims of the Second Amended Complaint no later that eighteen (18) days from the date of this order.